ORDERED.

Dated: March 13, 2026

_____
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  
Aguila Investments, LLC,                    Case No. 8:24-bk-03300-CPM  
Debtor.                                     Chapter 11  
_____/

ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND 363(f) IN CONNECTION WITH CHAPTER 11 PLAN; (II) APPROVING SALE APPROVING SALE PROCEDURES; (III) APPROVING FORM AND MANNER OF NOTICE; (IV FINDING PURCHASER IS ENTITLED TO PROTECTIONS OF 11 U.S.C. § 363(m); AND (IV) DETERMINING THAT THE SALE IS EXEMPT FROM DOCUMENTARY STAMP TAXES, (Doc. 176) ("Motion to Sell Real Property")

THIS MATTER came before the Court for hearing on March 10, 2026 at 3:30pm, upon Debtor's Motion to Sell Real Property. The Court, having reviewed the Motion, the record, and the proffers and argument of counsel, and for the reasons stated and recorded in open court, which shall constitute the decision of the court, it is

Ordered, Adjudged and Decreed that:

1. The Motion to Sell Real Property (Doc. 176) is therefore granted as set forth herein;

2. Pursuant to 11 U.S.C. §§ 363(b) and 363(f), the Debtor is authorized to sell the real property located at 3200 W. Hillsborough Ave., Tampa, Florida 33614, as more particularly described in the Legal Description in the Motion to Sell Real Property (the "Real Property"), together with all improvements to the purchaser identified within the Motion to Sell Real Property.

3. Provided that the sale will only be exempt from documentary stamp taxes under 11 U.S.C. 1146 if the closing takes place after the Effective Date of the Plan (the "Sale").

4. The Sale of the Real Property shall be free and clear of all liens, claims, interests, and encumbrances (collectively, "Liens"), with all such Liens to attach to the net sale proceeds with the same validity, priority, and extent as they existed against the Real Property immediately prior to the sale, subject to any claims and defenses of the Debtor and its estate.

5. Transfer Free and Clear. Upon closing, the transfer of the Property to the Purchaser shall be a legal, valid, and effective transfer of the Debtor's right, title, and interest in and to the Property, free and clear of all Liens, with such Liens attaching to the net proceeds as provided in paragraph 3.

6. Good Faith Finding; § 363(m) Protections. The Purchaser is a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and is entitled to all protections afforded thereby. The sale may not be avoided under 11 U.S.C. § 363(n). The PSA and the sale were negotiated, proposed, and entered into by the Debtor and the Purchaser without collusion and in good faith, and for fair value.

7. Tax Exemption Under § 1146 if Closing After Effective Date. If the closing occurs after the Effective Date of the Debtor's confirmed chapter 11 plan, the transfer of the Property pursuant to and in connection with the plan shall be exempt from documentary stamp taxes and any similar transfer taxes under 11 U.S.C. § 1146. Nothing herein shall be construed to determine or affect tax treatment if the closing occurs prior to the Effective Date.

8. Sale Free and Clear Findings Under § 363(f). The requirements of 11 U.S.C. § 363(f) are satisfied, including, without limitation, that one or more of the following conditions are present: applicable non-bankruptcy law permits sale of such Property free and clear of such interest; the entity holding the interest consents; such interest is a lien and the price at which the Property is to be sold is greater than the aggregate value of all liens; such interest is in bona fide dispute; or such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

9. Adequate Protection; Proceeds. To the extent any party holds a valid, perfected, and enforceable Lien against the Property, such Lien shall attach to the net sale proceeds in the same order of priority and with the same validity and extent as existed immediately prior to the sale, subject to all claims and defenses of the Debtor and its estate. The Debtor is authorized to hold and disburse the proceeds consistent with the PSA and the confirmed plan, or further order of the Court.

10. No Successor Liability. The Purchaser shall not be deemed a successor to the Debtor or otherwise liable for any of the Debtor's liabilities as a result of any

action taken in connection with the purchase of the Property, except as expressly assumed in the PSA.

11. Stay Waiver. The 14-day stay imposed by Bankruptcy Rule 6004(h) is waived, and this Order shall be effective and enforceable immediately upon entry. The sale may close at any time after entry of this Order, subject to the conditions of the PSA and the plan.

12. Retention of Jurisdiction. The Court retains exclusive jurisdiction to interpret, implement, and enforce the terms and provisions of this Order, the PSA, and any disputes arising in connection with the sale, including, without limitation, to determine the nature, extent, validity, priority, and treatment of any Liens that may attach to the sale proceeds.

13. Notice Approved; No Further Notice Required. The form and manner of notice of the Motion and the sale are approved as adequate and sufficient under the circumstances, and no further notice is required.

14. Conflict. To the extent of any inconsistency between this Order and the PSA, this Order shall control.

15. Reservation of Rights. All rights of the Debtor with respect to the validity, priority, and extent of any Liens not allowed by this Court or stipulated to by the Debtor are reserved.

16. Plan Consummation. Nothing herein shall constitute approval of the Debtor's chapter 11 plan or a finding regarding the plan Effective Date, which shall be determined in connection with plan confirmation proceedings.

Laura M. Gallo is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file proof of service within three days of entry of this order.